LYONS, Judge,
delivered the resolution of the court as follows:
The bill charges, that a fraud was prac-tised upon the plaintiff, in the sale of a tract of land called Sion Hill; which it asserts the defendant Woodlief, fraudulently misrepresented, as containing 800 acres, although he knew that to be more than was actually *1142 comprehended in the tract at that time, as several parcels had been previously conveyed to other persons, without that fact being' disclosed to Quesnel, who purchased under a belief that there were actually 800 acres; but that upon a survey, since made, there appears to be much less. The fraud and misrepresentation are denied by the answers; and the evidence does not support the allegations of the bill with respect thereto; but proves clearly, that the parcels conveyed were not parts of the original Sion Hill tract; which was the estate Wood-lief contracted to sell; and which there is every reason to believe, he actually thought contained, at least, 800 acres. 3?or the land had been the family seat for ages, and Woodlief supposing it to be held under an old'survey, which he and his predecessors had always estimated to comprehend 800 acres, advertised it as containing about that quantity; and Quesnel relying upon those circumstances, purchased it, under a belief, that there were that number of acres in the tract. Both parties, therefore, appear to have acted innocently; and there is, consequently, no cause for relief, upon the ground, either of fraud or misrepresentation. But, as both vendor and vendee proceeded under mistake, each believing that the tract, _ certainly, contained 800 acres, and perhaps more; that constitutes a proper ground for relief in equity: which adjusts and equalizes contracts, according to the exigencies of the case. The mistake, therefore, ought to be rectified, and a deduction made from the purchase *money, proportioned to the deficiency of the land. But, as the original survey is not produced, the court is unable to ascertain, what the real quantity contained in the Sion Hill tract was, further than the record shews; and, by that, the survey, made under the direction of the court of chancery, reduces it to 608 acres, 1 rood, and 13 perches: which is too great a loss for a purchaser to sustain, under an agreement for an estimated quantity,, not withstanding the words “more or less,” inserted in the deed; which ought to be restricted to a reasonable, or usual, allowance, for small errors in surveys, and for a variation in instruments. A correspondent deduction, from the purchase money, is consequently to be made. And Quesnel ought moreover to be indemnified against the claim of Cox and wife, and all other existing incumbrances, if any: which is not only agreeable to the general principles of equity, but the deed of Woodlief to the plaintiff, expressly covenants, that he has ,a good title; and that he will make further assurance, and defend it. So that there was no necessity, as the appellees’ counsel contended, to suggest that suit, or any in-cumbrance, specifically in the bill; for a reasonable apprehension, appearing at the trial, was, upon the principles of quia timet, sufficient. In conformity to these ideas, the following decree has been prepared by the judges, and is to be entered as- the judgment of the court: '
239-240
“The court is of opinion, that the appel-lee Woodlief, not having surveyed the tract of land in the bill mentioned called Sion Hill, before he advertised the same for sale, or sold it to 'the appellant, but that supposing there has been an old survey, which he has not produced, or referred to, and does not appear in the proceedings in this cause, under which the land had been long held, as he suggested, by the former proprietors of the said land, and estimated, by them and him, as containing eight hundred acres, he advertised it as containing about that quantity, and the appellant was thereby induced to purchase it, expecting it would contain that full quantity; and the appellee Woodlief having, after-wards, asserted his belief thereof, occasioned the appellant to accept *of a deed for the same as containing eight hundred acres, more or less, and it appearing from the survey made by Robert Turn-bull and returned to the high court of chancery, pursuant to an order of the said court, in this cause made, for ascertaining the exact quantity of land in the said tract called Sion Hill, that the same contains only six hundred and eight acres, one rood and thirteen perches, so that both parties were mistaken in the quantity and number of acres contracted for, the said mistake ought to be rectified in a court of equity, and the appellant allowed a deduction, from the price agreed by him to be given for the said, land, for the deficiency in quantity, that deficiency being too great for a purchaser to lose under an agreement for a reputed quantity, notwithstanding the words, ‘more or less,’ inserted in the said deed, which should be restricted to a reasonable, or usual, allowance, for small errors in surveys and for variations in instruments; the value of the deficiencj', when ascertained under the direction, and to the satisfaction of, the said high court of chancery, to be deducted from his bonds for the purchase money in the hands of the appellees Woodlief and Ruffin, or either of them, -if sufficient to satisfy the same; and, if more than sufficient, the injunction to be dissolved for the residue, but if not sufficient, the appellee' Woodlief to be decreed to refund it, with interest, and also to secure and indemnify the appellant from the suit and claim of John Cox and Hannah his wife, in the proceedings mentioned, and from all charges or incum-brances on the said land made by himself, or by any other person or persons, from or under whom he derives his title to the said land, before the said injunction be dissolved ; and that the said decree is erroneous : Therefore it is decreed and ordered that the same be reversed and annulled; and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here; and it is ordered that the cause be remanded, to the said court of chancery, for a final decree to be entered therein, according to the principles of this decree.”